IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM GROSS,

     Plaintiff,

v.                                                                          Civ. No. 99-802 RLP/LFG

DEPUTY QUENT PIRTLE and
DOÑA ANA COUNTY,

     Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion for Summary

Judgment [Doc. 48].  For the reasons set forth below, Defendants' Motion is granted.

SUMMARY JUDGMENT STANDARD FOR QUALIFIED IMMUNITY

When a claim of qualified immunity is raised on summary judgment, the court must

"'first determine whether plaintiff's allegations, if true, state a claim for a violation of a

constitutional right that was clearly established when defendant acted.'"  *Romero v. Fay*,

43 F.3d 1472, 1475 (10th Cir. 1995) (citation omitted).

> "Once the plaintiff has sufficiently alleged the conduct violated
> clearly established law, then the defendant bears the burden,
> as a movant for summary judgment, of showing no material
> issues of fact remain that would defeat the claim of qualified
> immunity."

*Id.* (citation omitted).

The Fourth Amendment, made applicable to the States by the Fourteenth

Amendment, guarantees the right of the people to be secure against unreasonable

searches and seizures.  *Soldal v. Cook County*, 506 U.S. 56, 61(1992).  "A plaintiff may

bring suit under § 1983 for state officials' violation of his ... freedom from unreasonable

searches and seizures." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).   Mr. Gross does

not now, and did not then, have a right to be free from arrest merely because the "crime"

was a misdemeanor.  *See generally Atwater v. City of Lago Vista*, 532 U.S. 318, 121 S.Ct.

1536 (2001) (citing cases and history of such arrests).  Accordingly, the issue is whether

there are issues of disputed and material fact concerning the reasonableness of the

detention, thus precluding entry of summary judgment.  Fed.R.Civ.P. 56(c); *Celotex Corp.

v. Catrett*, 477 U.S. 317, 322-27 (1986).

## PROCEDURAL AND FACTUAL HISTORY

Mr. Gross brings this action pursuant to 42 U.S.C. § 1983, alleging wrongful arrest,

excessive force, false imprisonment, due process violations, and a claim against Doña Ana

County based on *respondeat superior*, for events occurring on November 13, 1998,

discussed below.

On March 16, 2000, following Defendants' Motion for Summary Judgment [Doc. 25]

the court entered its Memorandum Opinion and Order denying Defendants' Motion [Doc.

30].  This court found that there were genuine issues of material fact precluding the grant

of summary judgment based on qualified immunity.  Defendants appealed that decision to

the Tenth Circuit Court of Appeals, which held:

> In order for the arrest to be lawful, Deputy Pirtle must have had
> probable cause to detain Mr. Gross for unlawful use of the
> dealer plate.  After reviewing the record, we find that genuine
> issues of material fact remain concerning whether Deputy
> Pirtle believed he had probable cause to detain Mr. Gross
> following the administration of the sobriety field test.

*Gross v. Pirtle*, 245 F.3d 1151, 1157 (10th Cir.  2001).

With regard to the excessive force claim, the court determined that Deputy Pirtle was entitled to qualified immunity as a matter of law. *Id.* at 1158. The case was remanded and Defendants' have again filed a Motion for Summary Judgment [Doc. 48].

## DISCUSSION

An officer may validly detain a motorist for, *inter alia*, any of the myriad traffic statutes relating to licensing, insurance, and registration. *United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (*en banc*), *cert. denied*, 518 U.S. 1007 (1996). There is no question that the initial stop for the field sobriety test was constitutionally permissible. The issue here is whether the second detention was supported by probable cause.

A traffic stop is reasonable under the Fourth Amendment if the officer has either "(1) probable cause to believe a traffic violation has occurred, or (2) a reasonable articulable suspicion that this particular motorist violated any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." *United States v. Ozbirn*, 189 F.3d 1194, 1197 (10th Cir. 1999) (quotation marks and citations omitted). Additionally, the standard for qualified immunity allows for mistaken judgment, protecting "'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Thus, an officer's reasonable judgment, even if mistaken, will be protected by qualified immunity. *Hunter*, 502 U.S. at 227.

According to Deputy Pirtle, after the sobriety field test was completed, another officer noticed that Mr. Gross's car had dealer plates and so indicated to Deputy Pirtle. That officer left and Deputy Pirtle asked Mr. Gross why he had a dealer plate. Mr. Gross

said that he owned a dealership and he was road testing the vehicle. *See* Exhibit 1 to Plaintiff's Response to Defendants' Motion for Summary Judgment ("Plaintiff's Response") at page 50 [Doc. 50]. Deputy Pirtle then asked Mr. Gross why he had receipts in the car, to which Mr. Gross replied, "I use this as a parts truck." *Id.* Deputy Pirtle then advised Mr. Gross he was getting a citation. Mr. Gross was arrested following his refusal to sign the citation and his demand to see a magistrate judge immediately. *See* NMSA 1978 § 31-1-6 (citation in lieu of arrest without a warrant).

Section 66-8-3 forbids the lending of, *inter alia*, registration or special plates to one not entitled to have them. Deputy Pirtle apparently mistakenly believed that this provision prohibited "road testing" vehicles with dealer plates. *See* Exhibit 6 to Plaintiff's Response. Still, an officer's mistaken belief of the applicability of a statute is not enough to lift the shield of qualified immunity. *Hunter*, *supra*. Mr. Gross makes much of the fact that although Deputy Pirtle testified that it was illegal to use dealer plates on a parts vehicle, *see* § 66-3-401(B)(1), Mr. Gross was not cited for violating that statute. Mr. Gross appears to be arguing that the Deputy's failure to issue a citation for that alleged infraction indicates that the Deputy was merely harassing Mr. Gross.

When an officer observes a violation, a traffic stop is justified even if the observation did not motivate the stop and no citation was issued. *Carlsen v. Duron*, 229 F.3d 1162, 2000 WL 1205822, **3 (10th Cir. 2000) (unpublished opinion) (citing *United States v. Dhinsa*, 171 F.3d 721, 725-26 (2nd Cir. 1998). Further, an officer's motive is irrelevant. *Whren v. United States*, 517 U.S. 806, 813 (1996). The only inquiry is whether Deputy Pirtle had a "reasonable articulable suspicion that this particular motorist violated

4

any one of the multitude of applicable traffic and equipment regulations of the jurisdiction."

*Ozbirn*, 189 F.3d at 1197.  The court finds that Deputy Pirtle has met his burden and that

Defendants' Motion for Summary Judgment based on Qualified Immunity is granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendants'

Motion for Summary Judgment Based on Additional Evidence Supporting Qualified

Immunity [Doc. 48] is granted and this case is dismissed with prejudice in its entirety.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(Sitting by Designation)

For the Plaintiff:      Joseph P. Kennedy, Esq.

For the Defendants:   Cindy Lovato-Farmer, Esq.